**IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISVISION**

| | | |
|---|---|---|
| FRANCISCO ROMERO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 713 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL P. ATCHISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED HIPAA QUALIFIED PROTECTIVE ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical and/ or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to Plaintiff to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4. Protection of PHI:

(a) General Protections: PHI shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) Limited Third-Party Disclosures: The parties and counsel for the parties shall not disclose or permit the disclosure of any PHI to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review the PHI:

(1) Counsel: Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties: Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders: Court reports and recorders engaged in depositions;

(5) Contractors: Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts: Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have

completed the certification contained in the Attachment A, Acknowledgement or Understanding and Agreement to Be Bound;

(7) Witnesses at Depositions: During their depositions, witnesses in this action to who disclosure is reasonably necessary. Witnesses shall not retain of copy of documents containing PHI;

(8) Others by Consent: Other persons only by the written consent of Francisco Romero;

(c) Control of Documents: Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of PHI. Within 45 days of the conclusion of the litigation (which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

5. Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

**SO ORDERED.**

**Date:** July 13, 2016

**ENTERED:**

_____
**Hon. Sharon Johnson Coleman**

**IN THE UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISVISION**

| | |
|---|---|
| FRANCISCO ROMERO, | ) |
| | ) |
| Plaintiff, | )  No. 15 C 713 |
| | ) |
| v. | ) |
| | ) |
| MICHAEL P. ATCHISON, et al., | ) |
| | ) |
| Defendants. | ) |

**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Qualified HIPPA Protective Order dated July 13, 2016 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Qualified HIPPA Protective Order and understands that the terms of the Qualified HIPPA Protective Order obligate him/her to use materials Protected Health Information ("PHI") in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such PHI to any other person, firm or concern.

The undersigned acknowledges that violation of the Qualified HIPPA Protective Order may result in penalties for contempt of court.

**ATTACHMENT A**

_____
Name

_____
Job Title

_____
Business Address

_____
Signature:  **(Insert Typed Name)**